IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-83-1-F
No. 7:12-CV-110-F

| | |
|---|---|
| ALDRANARD JARMEL BENNETT,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This matter is before the court for initial consideration of Aldranard J. Bennett's ("Bennett") Motion to Vacate, Set Aside or Correct his Sentence, pursuant to 28 U.S.C. § 2255 [DE-52], deemed timely filed on April 27, 2012.[1] Rule 4, RULES GOVERNING § 2255 PROCEEDINGS, provides:

> **(b) Initial consideration by judge....** If it plainly appears from the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

### Background Facts and Procedure

On April 26, 2010, Bennett, pled guilty without a plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) and § 924. The charge resulted from a February 28, 2008, incident in Jacksonville, North Carolina, during which Bennett was found to be in possession of marijuana and a concealed, stolen firearm. He was arrested by state authorities. A federal indictment for that conduct was returned on August 13, 2008. Bennett was arrested in Ohio and released on January 5, 2009; he made his initial appearance in this court on the instant charges on January 29, 2010, and continued on pretrial supervision.

---

[1] The court recognizes that Bennett used an outdated form on which to submit his § 2255 motion. However, in this case because it would be futile, and would generate only additional postage delay, the court declines to require Bennett to re-file his petition on the updated, correct § 2255 form.

Before the instant case was adjudicated, however, Bennett was arrested and charged again by state authorities in Jacksonville, North Carolina, for an incident on June 11, 2010 (while Bennett was on pretrial supervision), involving robbery from a person of cash, keys and a gold chain, featuring the discharge of a firearm and injury to the victim. The Government contends that Bennett and his accomplice fled in a taxi, that Bennett attempted to elude police by jumping over the hood of the patrol car, and ultimately required deployment of a taser to be subdued. According to police, the victim's broken gold chain and U.S. currency were recovered from Bennett's pants.

In preparation of the Presentence Report, the United States Probation Officer recommended that Bennett be held responsible for two firearms and for discharging a firearm in connection with commission of a robbery. Bennett has an extensive prior criminal history consisting mostly of state misdemeanor convictions, but many of which involved violence, drug sales, and robberies. Although all but a couple of his active sentences were for twelve months or less, several instances are recorded in which state probationary sentences were revoked and active time imposed. Bennett amassed 17 criminal history points, but that subtotal was revised to 15, to which two points were added because he was serving a state term of probation at the time he committed the instant offense. Bennett had essentially no employment history, but received Social Security disability benefits in light of his several medical conditions.

Sustaining Bennett's objection, the court refrained from utilizing a cross-reference to advisory USSG § 2X1.1[2]. However, in light of the court's determination, by a preponderance of the evidence, that Bennett committed the acts alleged on June 11, 2010, while on pretrial

---

[2] The Probation Officer recommended the cross-reference to account for Bennett's participation in the June 11, 2010, armed robbery and shooting, as part of the "course of conduct" that began on February 24, 2008. The Probation Officer's calculations had resulted in a recommended advisory range of 151-188 months upon an offense level of 29 and criminal history of VI.

2

release, the court declined to afford Bennett a reduction in his offense level for acceptance of responsibility. Accordingly, on an offense level of 26 and criminal history of VI, Bennett's advisory USSG range was determined to be 120 months, the statutory maximum. In fact, Bennett did receive a 10-year sentence to be followed by a term of three years supervised release; at his lawyer's request, the court recommended that Bennett be designated to serve his sentence at the federal correctional facility in Butner, North Carolina.

Bennett appealed his sentence, but in an unpublished order [DE-47], the Fourth Circuit Court of Appeals found "harmless" this court's refusal to impose a below-Guidelines sentence "because of [Bennett's] failing health." The appellate court commented that:

> it is apparent from the record that the district court considered counsel's argument for a below-Guidelines sentence, stated that it was adopting the presentence investigation report's ("PSR") findings as its rationale for Bennett's sentence, and discussed the § 3553(a) factors it believed justified Bennett's sentence.

*United States v. Bennett*, 439 Fed. Appx. 278, 280 (4th Cir. July 21, 2011) (UP). Bennett instituted the instant action pursuant to 28 U.S.C. § 2255 with a year of the date on which his conviction and sentence became final.

### Analysis

Bennett's petition fails to pass scrutiny under Rule 4, RULES GOVERNING § 2255 PROCEEDINGS. In light of the record, he fails to state a colorable claim for ineffective assistance of counsel in violation of the Sixth Amendment. That analysis is controlled by *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a petitioner plead facts plausibly alleging that his counsel's representation fell "below an objective standard of reasonableness." *Id.* at 688. Under this standard, an attorney's competence is presumed; "the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

The second component of an ineffective assistance claim is prejudice. That is, the petitioner bears the burden on demonstrating that his counsel's unprofessional errors resulted in an unfair or unreliable proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). If a petitioner cannot demonstrate the requisite prejudice, then a reviewing court need not even consider the performance prong. *See United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999) (citations omitted), *vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir.), *cert. denied*, 530 U.S. 1222 (2000).

### Bennett's Claims

A. <u>Ineffective Assistance of Counsel – "Enhanced Sentence"</u>

Bennett first contends in his § 2255 motion that his counsel rendered ineffective assistance in this court because his federal sentence was "enhanced" by virtue of the June 11, 2010, conduct. Specifically, he contends that he later was allowed to plead guilty in state court to "larceny from a person" on that charge, rather than the initially-charged robbery with a dangerous weapon, conspiracy and assault with a deadly weapon with intent to kill inflicting serious injury. Bennett mistakenly recalls that the court found his offense level to be 29. In fact, the court found his offense level to be **26**, because the court *allowed* defense counsel's objection to application to the cross-reference in the advisory USSG. The June 2010 conduct was considered in imposing sentence, however, insofar as it constituted relevant conduct that was proved by a preponderance of the evidence, which is the applicable standard at sentencing (as opposed to beyond a reasonable doubt for a conviction). Bennett's advisory USSG range was 120 months, and he simply is mistaken that the record herein supports a sentence of 70-87 months.

Bennett also argues that the court did not adequately consider evidence of his "ailing health" in denying a sentence below the advisory guideline sentence. The same issue was raised

and rejected on appeal. While the appellate court acknowledged that the court could have made specific mention of its consideration of Bennett's health while announcing justification for the sentence imposed, it found that the record supports a finding that this court took into account the proffered medical evidence in imposing sentence.

B. <u>Ineffective Assistance – "Overstated Offense Level"</u>

Bennett's second ground for his § 2255 motion alleging ineffective assistance of counsel is that his counsel should have ensured that he received a three-level reduction in his offense level for his acceptance of responsibility. His argument ultimately is no different from his first contention that his offense level was "overstated at 26." The court has rejected that argument, however, and has stated its reasons in part A, above.

The "overstated offense level" is not a separate ground for relief; it, like the "enhanced sentence" argument, arises from Bennett's contention that his lawyer should have prevented any consideration of Bennett's June 2010, conduct in imposing sentence on the offense of conviction in this case – the February 24, 2008, possession of a firearm by a felon. For the reasons stated herein, this argument also is unavailing.

## Conclusion

The court finds that it plainly appears from Bennett's § 2255 motion and memorandum and the record of prior proceedings that Bennett is not entitled to relief on the grounds contained in Bennett's petition. Accordingly, Bennett's § 2255 petition must be, and hereby is, DISMISSED. The Clerk of Court is DIRECTED to so notify Bennett.

*Certificate of Appealability Denied*

The court finds that Bennett has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. 2253(c)(2), because reasonable jurists could not debate whether (or agree that) his petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability, therefore, is DENIED.

SO ORDERED.

This, the 30th day of April, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge